

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**MATTHEW W. McQUEEN**
Senior Counsel
phone: (212) 356-2423
fax: (212) 356-3509
email: mmcqueen@law.nyc.gov

April 29, 2022

BY ECF
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Ahmed Sami v. City of New York, et al.</u>
            21-CV-2785 (WFK) (CLP)

Your Honor:

    I am an attorney in the Office of Corporation Counsel for the City of New York, and I am assigned to the defense in the above-referenced case. Defendants write to respectfully request that plaintiff's motion to compel dated April 21, 2022 be denied.

    Plaintiff has asked the Court to "order Defendants to provide affidavits from individuals with personal knowledge setting forth in detail the efforts that have been made to identify the John Does." Plaintiff correctly points out that on March 8, 2022, the undersigned informed Mr. Rudin that defendants had so far been unable to identify the John Doe officers who initially took plaintiff into custody, and asked Mr. Rudin to provide photographs of plaintiff and the friends that he was with at the time of the incident. Mr. Rudin was further advised that having a clear image of what plaintiff and other people that he was with look like might help NYPD Legal locate video footage from the date of the incident that may have captured some portion of the incident. Mr. Rudin expressed reservations but agreed to speak to his client about this request.

    On March 18, 2022, in response to plaintiff's request for an explanation about what efforts had been made to identify the John Doe officers, the undersigned sent Mr. Rudin an e-mail with the following text:

> In an effort to identify the John Doe defendants, NYPD Legal as reviewed approximately 20 TARU videos from June 2, 2020 recorded in Manhattan south. Additionally, we have reviewed Body Worn Camera videos that were recorded by officers believed to have been in the vicinity of the alleged incident on June 2, 2020 around the time of the incident. However, without knowing what plaintiff and his friends look like, besides Ms. Trevett from the neck up, it is extremely difficult to locate relevant video or to identify officers that may have interacted with these individuals. NYPD Legal has also reviewed digital activity logs of all

MOS listed on the mass arrest processing center sheet regarding arrests in and around the same location as Sami's arrest, all with negative results.

At this point, I'm not sure what more can be done. However, if you provide us with clear photographs of plaintiff and the people that he was with when he was taken into custody, we can conduct another review of video footage using the photos to identify plaintiff or his friends in the video footage. I understand that you were going to speak with your client about our request for such photos. Please advise as to whether you have been able to speak with your client, and whether you will agree to provide us with these photos.

Ultimately, Mr. Rudin advised that plaintiff was unwilling to provide defendants with a photograph of himself or any of the people he was with at the time that he was apprehended. Instead, on April 5, 2022, plaintiff provided defendants with brief description of the clothing that plaintiff and his girlfriend were wearing on the date of the incident. The undersigned informed Mr. Rudin that this information was forwarded to NYPD Legal who would conduct another review of body worn camera footage in hopes of being able to locate some video footage that may be helpful in identifying the John Doe officers.

On April 21, 2022, without any further discussion among counsel about defendants' efforts to identify the John Doe officers, plaintiff filed the instant motion to compel.

Plaintiff argues that where records requested in discovery are presumed to exist, the party claiming an inability to produce such records must provide a sworn statement detailing the search for such records. Here, it is unclear what records plaintiff believes should be presumed to exist. On June 2, 2020, plaintiff was issued a summons by Officer Jonathan Molina. That summons has already been produced to plaintiff, along with Officer Molina's activity log for that day. As plaintiff was issued a summons, there would be no arrest report and no mug shot would have been taken. Accordingly, defendants asked plaintiff to assist in the effort to identify the John Doe officers by providing this office with a photograph that could be used by NYPD Legal in their attempts to locate any video footage that might have captured plaintiff on the date of the incident, as such video, if found, might be helpful in identifying the John Doe officers. Unfortunately, plaintiff has refused.

At this point, the parties have enough information to proceed with meaningful settlement discussions before further efforts are expended on discovery. Indeed, the parties have the video produced by plaintiff, the summons issued, plaintiff's 50-H testimony about this incident and plaintiff's medical records. These records provide the parties with enough information to engage in settlement discussions. Accordingly, defendants request that the Court postpone the due date for the parties to exchange discovery responses and instead schedule a settlement conference to take place before the parties are required to expend additional time and resources responding to discovery demands.

Further, in the event that this case does not settle at the conference, defendants request that the Court compel plaintiff to provide defendants with clear photographs of himself and the persons he was with at the time of his apprehension on June 2, 2020 in order to assist defendants with their search for video footage relevant to this case and the identification of John Doe officers.

Defendants thank the Court for its time and consideration in this regard.

                                     Respectfully submitted,

                                     /s/ *Matt McQueen*

                                   Matthew W. McQueen
                                   Special Federal Litigation Division

cc:     All Counsel of Record (by E.C.F.)