

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Susan P. Scharfstein**
*Special Federal Litigation Division*
*212-356-2355*
*sscharfs@law.nyc.gov*

July 29, 2022

Honorable Cheryl L. Pollak *(by ECF)*
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10021

Re: <u>Sami v. City of New York, et al.</u>, 21-cv-2785 (WFK) (CLP)

Your Honor:

I am an attorney in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendants City of New York and Jonathan Molina in this action. I write, pursuant to Rule 37 and Your Honor's Individual Rules, to request the Court's assistance in resolving discovery disputes. Specifically, defendants wish to move to compel (i) basic information that must be disclosed pursuant to Rule 26(a)(1) initial disclosures, consisting of the addresses and telephone numbers of three civilian witnesses to the underlying incident upon whom plaintiff purports to rely; and (ii) the removal of an inappropriate designation of photographs of the plaintiff and civilian witnesses as "Confidential Materials" pursuant to the May 13, 2022 Confidentiality Order (Docket Entry No. 24). Counsel for the parties have conferred on more than one occasion in attempts to resolve this issue, including a lengthy July 26, 2022 telephone conference; however, those discussions were unsuccessful in resolving the disputes.

A. Plaintiff's Refusal To Respond to Written Discovery and Comply With Rule 26(a)(1)(A)(i)

Plaintiff has refused to disclose the addresses and telephone numbers of the three civilian witnesses to the underlying incident alleged in his complaint, who are his friends, notwithstanding that the information is sought in defendants' written discovery requests and is also required to be disclosed by the plain language of Rule 26(a)(1)(A)(i).

Plaintiff's reason for withholding this information is that two of his friends have requested that he not disclose their contact information and have advised him that they intend to retain counsel. Plaintiff proposes to give defendants contact information – not even for the friends – but for the friends' counsel once they have retained counsel. Plaintiff has further informed us that, because of the third friend's personal emergency, he has been unable to contact that friend individual to request his consent to release his contact information. Plaintiff has advised that he will follow up at an (unspecified) later date with the third friend to ask if he will consents to the release of his contact information. In support of his position that the consent of

non-parties is necessary, plaintiff has cited that the City refuses to disclose the home addresses of public employees, including prosecutors and police officers, and that his friends have informed him that they do not wish to be contacted directly because they were "victimized by the police." Plaintiff's arguments are spurious and do not provide him with a legitimate basis to withhold the information sought.

As an initial matter, plaintiff does not dispute that he is required by the rules of Court to disclose the information in his possession that defendants seek. Without belaboring an obvious point, the disclosure of Rule 26 information by plaintiff and the adequacy of his responses to written discovery requests is not a matter of a non-party witness's "consent." Plaintiff cannot collaborate with non-parties on this issue or refuse to provide discoverable information while purporting to act on their behalf. Plaintiff's delay in providing the information, now available to him, pending some unspecified future date on which the parties may retain counsel, is an improper attempt to circumvent the rules of Court.[1] Again stating what should be obvious, this is not a criminal matter such that a witness might have a right to counsel. As discussed with plaintiff's counsel, defendants are free to approach unrepresented non-parties, who are, in turn, free to refuse to speak with anyone who may approach them should they choose. Moreover, the witnesses' contact information may be of value for any number of other reasons, as implicitly recognized by the rules. Plaintiff's rationale for his failure to satisfy his discovery obligations therefore falls short.

Also misguided and unavailing is plaintiff's argument that he does not have to turn over his witnesses' contact information because the City does not wish to disclose the home contact information of law enforcement officers. Plaintiff's friends are not similarly situated to public employees in law enforcement roles, such as police officers and prosecutors, who have security interests in avoiding disclosure of their home contact information because they and their families may be subject to retaliation by persons who have had contact with the criminal justice system and whom they have encountered in the course of their work. See Mingo v. City of New York., 19-cv-5806 (FB) (VMS), 2020 U.S. Dist. LEXIS 229918, at *5 (E.D.N.Y. Dec. 3, 2020) (allowing for the redaction of highly personal and sensitive information such as officer defendants' home addresses and telephone numbers, social security numbers, and the like). This office routinely discloses service information and assignments for police officers and prosecutors so that plaintiffs may take the steps necessary and appropriate to litigate their cases, notwithstanding that there are legitimate safety concerns for these public employees that do not apply to the public more generally.

Plaintiff's offer to disclose the contact information for his friends' counsel, once retained, in no way meets plaintiff's obligations under Rules 26, 33, or 34. Plaintiff's position, self-serving as it is, should not be countenanced by this Court and he should be required to provide this basic information that is necessary to fully and fairly litigate the case that he has initiated before the Court.

---

[1] This circumstance has also impeded defendants ongoing efforts to identify the "Doe" officers, as they have been unable to make any attempt to interview the non-parties with respect to their observations of the officers at the scene of the events. Defendants have been relegated to communicating indirectly on multiple occasions with plaintiff's counsel as intermediaries, which has proven inefficient and otherwise unworkable.

B.      Plaintiff's Inappropriate Designation of Photos as "Confidential"

Plaintiff has produced, in response to defendants' written discovery requests, photos of himself and his friends. Plaintiff has designated those photos as "Confidential" pursuant to the May 13, 2022 Confidentiality Order. Defendants ask that any such designation be removed by Order of the Court.

The May 13, 2022 Confidentiality Order was intended to facilitate timely production of a photo or photos of plaintiff to be used by the NYPD Legal Department for the purposes of attempting to identify "John Doe" officers and, by its terms, dramatically limits the use and dissemination of the photos and requires the execution of consents. As a result of plaintiff's designation of photos of himself and his friends as "Confidential" pursuant to that Order, defendants are prevented from using the photos to conduct informational interviews, in depositions, or for any other purpose related to the defense of this litigation. Defendants have initiated a conversation with plaintiff's counsel concerning this issue, and it appears that, although plaintiff acknowledges that the designations are improper, he nonetheless intends to retain the current designations and seek some form of protection for these photos. Plaintiff's counsel has stated that he intends to discuss with counsel for the non-party witnesses – once retained at an unspecified future date – their positions on protections for the photos.

Any confidentiality order for the photos is improper because, as plaintiff has invoked this Court's jurisdiction, the proceedings are presumptively public, and the photos are central to the issues in this case. As it now stands, defendants are effectively prevented from moving forward with an investigation of plaintiff's claims. Not only would plaintiff's proposed approach inevitably have the effect of hampering defendants' efforts to prepare a fair defense to plaintiff's claims, it also would run counter to the settled principle that plaintiff must meet his burden to show good cause for a protective order in the first instance. Indeed, a court may issue a protective order pursuant to Rule 26 only on a showing of good cause. See, e.g., Long Island Housing Servs. v. Nassau Cty. Indus. Dev. Agency, 14-cv-3307 (ADS) (AKT), 2015 U.S. Dist. LEXIS 161008, at *5 (E.D.N.Y. Dec. 1, 2015) (citing Fed. R. Civ. P. 26((c)). Plaintiff does not dispute that the photos are relevant and discoverable pursuant to Rule 26. He has not, however, met his burden to articulate good cause for a protective order shielding the photos from public disclosure and, as would inevitably be necessary, to require filing under seal. Nor has he articulated why the non-parties witnesses would have standing to seek a confidentiality order in this case.

Therefore, defendants should not be put to the burden of complying with a confidentiality order – such as obtaining a signed consent each time a witness is interviewed – with regard to events that took place after plaintiff and his friends chose to appear voluntarily on public streets. The public should also have access to this information, which is central to events that took place in a public space and are now taking place in its courts. There are no considerations here that would justify overriding the interests of the public in disclosure in the context of a federal civil rights action such as this.

For the above reasons, defendants ask that the Court grant this motion to compel and require plaintiff to (i) produce the home addresses and telephone numbers of the three non-party witnesses, and (ii) make the photos of himself and his friends available without any confidentiality designations that plaintiff has sought to attach or may seek to attach in the future.

Thank you for your consideration herein.

>Respectfully submitted,
>
>/s/ Susan P. Scharfstein
>
>Susan P. Scharfstein

cc:  David Rudin, Esq. *(by ECF)*