# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

JACOB "COBY" LOUP
DAVID E. RUDIN

DAVID S. KEENAN
(OF COUNSEL)

THELONIOUS COLEMAN
(PARALEGAL)

August 10, 2022

**Via ECF**
The Honorable Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Sami v. City of New York, et al.*
             Case No. 21-cv-2785 (WFK)(CLP)

Dear Judge Pollak:

      My firm represents Plaintiff, Ahmed Sami, in the above-referenced § 1983 action. I am writing to request an extension *nunc pro tunc* under Federal Rule of Civil Procedure 4(m) to serve Defendant Ayala as well as permission to amend the Complaint under the relation back doctrine and then to serve him. *See, e.g.,* Federal Rule of Civil Procedure 15(a)(2) and 15(c). Counsel for Defendants opposes both the request for an extension to serve Ayala and permission to amend the Complaint.

      This is an action for false arrest and excessive force under federal and state law relating to the Black Lives Matter protests on June 2, 2020. Plaintiff filed the Complaint on May 18, 2021, naming as defendants the City of New York, Officer Jonathan Molina, Officer FNU Ayala, and Officers John Doe #1 to #7. Plaintiff served the Complaint and a summons on the City of New York and Officer Jonathan Molina but did not serve Officer Ayala because we did not have sufficient information to identify him at that time. On September 21, 2021, in Plaintiff's Rule 26(a) initial disclosures, we named "Aron [sp.] Ayala" as a person with apparent knowledge, based upon our paralegal's deduction from her investigation that he was likely FNU Ayala, but we did not know for sure. We wrote that "Plaintiff intends to amend his complaint to name Officer Ayala as a defendant (and any John Doe officer he is able to identify through discovery) at a later date." At the initial conference on September 29, 2021, Defendants agreed to provide focused discovery concerning the incident and try to identify the John Doe officers before a settlement conference scheduled for December 2021.

      In the months since, there were numerous delays in discovery because three successive attorneys for the City represented they wanted to settle, causing a delay in setting a discovery

LAW OFFICES OF JOEL B. RUDIN, P.C.

Hon. Cheryl L. Pollak
August 10, 2022
Page 2

schedule until January 24, 2022, and then the suspension of discovery until a settlement conference on June 21, 2022. Defendants also requested multiple extensions to comply with the Court's order to identify the John Does (which they still have not done) and respond to Plaintiff's discovery requests. In their initial disclosures, served on March 18, 2022, Defendants named "Police Officer Arron [sp.] Ayala," evidently misspelling his name. They did not disclose any documents authored by or mentioning Ayala. On July 18, 2022, in their discovery responses, Defendants confirmed that Aaron Ayala was Defendant FNU Ayala and produced an activity log for Aaron Ayala that confirmed his involvement. We now seek leave to serve Aaron Ayala.

District courts "have discretion to grant extensions [under Rule 4(m)] even in the absence of good cause." *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). In determining whether a discretionary extension is appropriate in the absence of good cause, courts consider the following four factors: "(1) whether statutes of limitations would bar the refiling of this action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; [and] (4) whether the defendant would be prejudiced by extending the time for service." *Gonzalez v. United States*, 2016 WL 11670727, at *5 (E.D.N.Y. Sept. 29, 2016) (CLP). Courts should balance these factors consistent with the "Second Circuit's preference for resolution of disputes on the merits." *Id.*

The first factor weighs in Plaintiff's favor because Plaintiff's claim against Ayala for excessive force and assault and battery under New York common law (Count Six of the Complaint) has a one-year limitations period and might be barred by the statute of limitations if it were dismissed. *See* N.Y. C.P.L.R. § 215(3). "Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Carroll v. Certified Moving & Storage, Co., LLC*, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005); *see also* Advisory Committee Note to Fed. R. Civ. P. 4(m) ("relief may be justified, for example, if the applicable statute of limitations would bar the refiled action."). The events underlying Plaintiff's claim occurred on June 2, 2020, more than two years ago. Without his state law claim, Plaintiff also would lose his ability to hold the City liable for Ayala's actions under a respondeat superior theory.

The second factor also weighs in Plaintiff's favor, as the City Law Department, which will represent Ayala, always had the ability to identify him and to begin preparing his defense. As to the third factor, the City did not definitively name "Aaron" Ayala as FNU Ayala until July 18, 2022. The fourth factor also supports Plaintiff because the delay in serving Ayala will not impair his ability to defend against the case on the merits. *See Burke v. Vision Gov't Sols., Inc.*, 2018 WL 6272757, at *5 (D. Conn. Nov. 30, 2018). The same counsel who has been defending the interests of the City and Molina will represent Ayala once he is served and has undoubtedly been looking out for his interests since the complaint was filed. The obligation of defendant to defend a lawsuit if an extension is granted "does not rise to the level of prejudice necessary to tip the balance of this factor in [defendant's] favor." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 599 (E.D.N.Y. 2013).

## LAW OFFICES OF JOEL B. RUDIN, P.C.

Hon. Cheryl L. Pollak
August 10, 2022
Page 3

      Plaintiff further requests the Court's permission to amend the complaint under Rule 15(a)(2) and to relate back the amendment to the date of the original Complaint under Rule 15(c), so that Ayala may be timely served. A copy of the proposed amended complaint is attached as Exhibit 1 and a redline showing the changes from the initial complaint is attached as Exhibit 2. Rule 15(c)(1)(C) provides that an amended pleading relates back to the date of the original pleading if four conditions are met: "(1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party [knew or] should have known that, but for a mistake of identity, the original action would have been brought against it; and ... [4] the second and third criteria are fulfilled within [the period provided by Rule 4(m) for serving the summons and complaint], and ... the original complaint [was] filed within the limitations period." *Ceara v. Deacon*, 916 F.3d 208, 211 (2d Cir. 2019).

      The Second Circuit's decision in *Ceara v. Deacon* is instructive. There, the court held that relation back was proper to add the first name—and correct the spelling of the last name—of a defendant who was identified in detail in the original complaint. *See id.* at 215. Because it was clear from the first complaint to whom the plaintiff was referring, and it was clear from the second complaint that he was referring to the same individual, no "new" party was added. *See id.* at 214. Therefore, the "only question under Rule 15(c)(1)(C)(ii) … is whether [a prospective defendant] knew or should have known that, absent some mistake, the action would have been brought against him." *Id.* (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 549 (2010)). The concern of denying a defendant the protection of a statute of limitations is not present "when a plaintiff correctly names a previously misnamed party." *See id.* That conclusion, the court found, "is in keeping with the Rule's general premise that '[t]he court should freely give leave [to amend] when justice so requires." *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Like in *Ceara*, it is implausible that the City and Ayala did not know to whom Plaintiff was referring. *Id.* at 213. In these circumstances, relation back is also required under New York law, which applies under Fed. R. Civ. P. 15(c)(1)(A). *See DaCosta v. City of New York*, 296 F. Supp. 3d 569, 585-90 (E.D.N.Y. 2017) (applying New York relation back statute under *Buran v. Coupal*, 87 N.Y.2d 173 (1995)).

      For the reasons above, Plaintiff respectfully requests that the Court grant him a discretionary extension *nunc pro tunc* under Rule 4(m) to serve Ayala and an order permitting him to amend the Complaint under Rules 15(a)(2) and (c).

                                             Respectfully submitted,

                                                      /s/

                                             David E. Rudin

LAW OFFICES OF JOEL B. RUDIN, P.C.

Hon. Cheryl L. Pollak
August 10, 2022
Page 4

cc:     Susan S. Scharfstein (by ECF)
        *Counsel for Defendants*